IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01015-BNB

TIMOTHY LITWINSKY,

Applicant,

v.

JOE ORTIZ, Executive Director, CO. D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 20 2006

GREGORY C. LANGHAM
CLERK

## ORDER TO TRANSFER APPLICATION TO COURT OF APPEALS

Applicant Timothy Litwinsky is a prisoner in the custody of a Concord, Massachusetts, correctional institution. Mr. Litwinsky has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2006). The Court must construe the habeas corpus application liberally because Mr. Litwinsky is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the habeas corpus application will be transferred to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit).

Mr. Litwinsky currently appears to be serving a sixteen-year prison sentence for aggravated robbery. On December 8, 1995, he was convicted in the Arapahoe County District Court on charges of false imprisonment, aggravated robbery, first-degree burglary, third-degree assault, and violation of a restraining order. He alleges that he

was sentenced to two years in county jail on the assault charge, to run consecutively to the sentences on all of the remaining charges which would run concurrently with respect to each other. He received terms of sixteen years on the robbery conviction, twelve years on the conviction for burglary, and one year each on the convictions for false imprisonment and for violation of a restraining order.

Mr. Litwinsky appealed his convictions to the Colorado Court of Appeals, which on April 30, 1998, affirmed the judgments and sentences. *See People v. Litwinsky*, No. 96CA0149 Colo. Ct. App. Apr. 30, 1998). On December 7, 1998, the Colorado Supreme Court denied certiorari review. Mr. Litwinsky concedes that in late June 1999, he initiated a prior 28 U.S.C. § 2254 habeas corpus action in this Court challenging the convictions under attack in this action. *See Litwinsky v. Suthers*, No. 99-cv-01234-JLK (D. Colo. Jan. 23, 2001). In that action he asserted two claims, i.e., that the trial court subjected him to double jeopardy by failing to merge his conviction for third-degree assault into his conviction for first-degree burglary because third-degree assault is a lesser-included offense of first-degree burglary, and that his constitutional right to a fair trial was violated when the trial court admitted evidence of irrelevant and highly prejudicial prior bad acts. In an order filed on January 23, 2001, this Court granted the habeas corpus application in part and denied it in part. The Court held that the general verdict used by the state trial court rendered unconstitutional Mr. Litwinsky's conviction and sentence on the charge of third-degree assault. The Court ordered the state court to vacate Mr. Litwinsky's conviction for third-degree assault and the resulting sentence and to recalculate the terms of Mr. Litwinsky's remaining sentence. Mr. Litwinsky fails

2

to provide any further information as to how his remaining sentence was recalculated but, as previously stated, he currently appears to be serving a sixteen-year sentence for aggravated robbery.

He asserts that on July 11, 2004, he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in the Arapahoe County District Court, in which he alleged that his sixteen-year sentence for aggravated robbery is illegal under ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Blakely v. Washington***, 542 U.S. 296 (2004). He alleges that the Arapahoe County District Court denied the postconviction motion. He asserts that on September 15, 2004, he appealed from the denial of his Colo. R. Crim. P. 35(c) postconviction motion to the Colorado Court of Appeals, which affirmed the denial. On March 13, 2006, certiorari review was denied.

The Court received the instant action for filing on January 3, 2006. Mr. Litwinsky claims in this action that the trial court improperly enhanced his sixteen-year aggravated robbery sentence based on facts that were not charged, proved, or admitted by him. He challenges his aggravated robbery sentence pursuant to the United States Supreme Court's decisions in ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Blakely v. Washington***, 542 U.S. 296 (2004). Therefore, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3) (Supp. 2006), Mr. Litwinsky must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive application. Mr. Litwinsky does not allege that he has obtained the necessary

authorization from the Tenth Circuit. Therefore, the Court must transfer this action to the Tenth Circuit pursuant to 28 U.S.C. § 1631 (1994). *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). Accordingly, it is

ORDERED that the clerk of this Court transfer the instant action to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

DATED at Denver, Colorado, this 19 day of July, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01015-BNB

Timothy Litwinsky
Prisoner No. T85993
MCI – Concord
PO Box 9106
Concord, MA 01742

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/20/06

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk